UNITED STATES of America, Plaintiff,

v.

**$19,120.00 IN UNITED STATES CURRENCY, Defendant,**

John Arthur Jackson and Mrs. John Arthur Jackson, Claimants.

Civ. A. No. C86–2106A.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 9, 1987.

J.D. Roy Atchison, Office of U.S. Atty., Atlanta, Ga., for plaintiff.

Jerome J. Froelich, McKenney & Froelich, Atlanta, Ga., for claimants.

### ORDER

FORRESTER, District Judge.

This action is before the court on claimants' motion to dismiss. Claimants' motion rests upon two grounds. First, claimants contend that the delay in the filing of the instant forfeiture complaint has worked to deny them their due process right to a prompt proceeding. *See United States v. $8,850.00,* 461 U.S. 555, 564, 103 S.Ct. 2005, 2012, 76 L.Ed.2d 143 (1983). Claimants also argue that the complaint fails to state probable cause for forfeiture.

■ With respect to the first ground for dismissal, this court is enjoined to weigh four factors in analyzing whether the delay in the filing of the forfeiture complaint violated the due process right of claimants to be heard at a meaningful time. *Id.* In particular, the court must analyze the actual length of the delay, the explanation or reason for the delay, the claimants' assertion of their rights, and any resulting prejudice to claimants. *Id.*

■ Assuming for the sake of argument that this court's conclusions regarding the first three factors were correct when this court passed upon a similar motion to dismiss the original complaint for forfeiture of the subject currency, *see United States of America v. $18,000 in United States Currency*, Civil Action No. 86–478, Slip Op. at 2 (May 23, 1986), the court concludes that the final factor of a showing of prejudice has not been made by claimants. The only prejudice to which claimants refer is the loss of the use of the subject currency and the inability of claimants to provide for a medical operation for claimant John Arthur Jackson's mother. With regard to the loss of the use of the currency, the court notes that currency is not a wasting asset such as an automobile. *See United States v. One 1979 Oldsmobile–Cutlass and its Contents*, Civil Action No. 84–0270, Slip Op. at 9 (N.D.Ga., June 17, 1985). Any value lost by the retention of the currency could be restored by the addition of interest if claimants prevail in the forfeiture action. *Ivers v. United States*, 581 F.2d 1362, 1373 (9th Cir.1978). Therefore, the loss of use of the currency cannot provide the requisite prejudice. With regard to the medical operation upon which claimant Jackson alleges the money was to be spent, the court concludes that any prejudice resulting from the inability of claimant Jackson's mother to have her operation is prejudice to her and not to the claimants. In view of the fact that claimants point to no other cognizable prejudice, such as the hampering of the claimants "in presenting a defense on the merits, through, for example, the loss of witnesses or other important evidence," *United States v. $8,850*, 461 U.S. at 569, 103 S.Ct. at 2014, the court concludes that claimants have not been prejudiced by the delay.

■ The second ground urged by claimants for dismissal is equally unavailing. Claimants contend that the government's complaint does not set out probable cause for forfeiture of the subject currency. The court can find no basis for claimants' argument that the government must make a factual showing of probable cause in its complaint for forfeiture. The complaint for forfeiture must admittedly be pled with such particularity that the claimant, without moving for a more definite statement, may commence an investigation of the facts and frame a responsive pleading. *See* 28 U.S.C. § 881(b); Supplemental Rule E(2)(a). The government finally pled with such particularity after having the original forfeiture complaint dismissed without prejudice. *See United States v. $18,000 in United States Currency*, Civil Action No. 86–478, Slip Op. at 6–7 (N.D. Ga., July 31, 1986). The instant complaint states *inter alia* that the existence of an outstanding fugitive felony arrest warrant for claimant John Arthur Jackson on charges of possession with intent to distribute cocaine gave agents of the Drug Enforcement Administration probable cause to believe that the subject currency is proceeds traceable to an exchange for a controlled substance. Complaint for Forfeiture, # 3. This pleading of the allegations of illegal conduct giving rise to the complaint for forfeiture apprised claimants of the circumstances out of which the forfeiture claim arose so that they could plead responsively. While the mere pendency of an arrest warrant may not state probable cause, it does give the claimants a basis for investigating charges against the subject currency. They may investigate in particular the facts giving rise to the prosecution of claimant John Arthur Jackson pursuant to the arrest warrant.

All of this is not to say that probable cause is an unnecessary element of a forfeiture proceeding. Indeed, the government bears the initial burden of proving probable cause for the institution of this suit. *United States v. One 1971 Chevrolet*

*Corvette Automobile,* 496 F.2d 210, 212 (5th Cir.1974). It is in the context of a trial or summary judgment motions that the government must make this showing of probable cause. If the government can point to no evidence in response to a summary judgment motion supporting its allegations of probable cause or cannot support such a showing with adequate evidence at trial, then a decree of forfeiture will not issue. *Id.* On the other hand, if such a showing is made, the burden of a forfeiture proceeding is cast upon the claimant to prove a defense to the forfeiture. *Id.* For example, if the government shows at trial that the facts underlying the issuance of the arrest warrant for claimant John Arthur Jackson supplied "a reasonable ground for belief of guilt" with respect to the subject currency, *see id.,* then the claimants will have the burden of proving a defense to forfeiture.

For the foregoing reasons, claimants' motion to dismiss is DENIED.

SO ORDERED.